The Chancellob.
Upon the case made by the complainant’s bill and evidence the court has no jurisdiction.
By the act of 1846, the complainant or defendant must be a resident of this state at the time of filing the bill of complaint, and the complainant or defendant must also have been a resident for the term of five years. The act of 1857 declares that divorces from the bond of matrimony may bo decreed for wilful, continued, and obstinate desertion for the term of throe years, but makes no alteration in the term of residence required by the act of 1846. It was held by Chancellor Williamson, that under the act of 1857, there must be a residence in this state for five years to give the court jurisdiction.
The desertion in this case is charged to have taken place in June, 1855. At that time the parties were residents of the state of New York. In April, 1858, the complainant removed to Newton, in this state, leaving her husband and children in New York, and remained at Newton for three years, until April, 1861. She then returned to the state of New York, and remained for some weeks on a visit, as she alleges, to her mother. In Juno, she came again to this *80 state, and went to reside with a relative in Orange. In July following, the bill of complaint in this cause was filed. The complainant has not been a resident of this state for five years, as required by law.
I think it may well be doubted whether she has been a resident for three years within the spirit and meaning of the act. The complainant, at the time of the alleged desertion by her husband, was a citizen of the state of New York. The husband’s domicil was there. The parties were married there. The desertion took place there. After the desertion she came to this state, the husband and children remaining in the state of New York. She remained in this state, having a place of business, barely three years, when her place of residence and business was abandoned, and her bill of complaint filed for-a divorce.
Waiving all consideration of the question, whether the wife can thus acquire a domicil distinct from that of her husband, whether she was not in law, at the time of filing her bill, a resident of the state of New York, the actual residence in this state was adopted under circumstances which warrant the conclusion that the change of residence was made for the purpose of obtaining a divorce. Sound policy forbids that the judicial tribunals of this state should thus be used by citizens of other states in evasion of their own laws, or to procure redress for which resort should be had to their own tribunals. In Jackson v. Jackson, 1 Johns. H. 425, the Supreme Court of New York held that a decree of divorce obtained under similar circumstances was an evasion of the law of that state, and that no action could be maintained upon such decree.
Under the circumstances of this case, the redress asked for should be denied, even if a residence for three years in the state could be held to give the court jurisdiction.
The bill must be dismissed.
Note. — The decision of the Chancellor in this case was reversed on. appeal at March term, 1862.